# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br>FOUR (4) FIREARMS AND ONE HUNDRED FIFTY TWO ROUNDS OF ASSORTED AMMUNITION,<br><br>                Defendant. | Case No. 19-CV-62-FHM |

## OPINION AND ORDER

The Government's Motion for Summary Judgment, [Dkt. 28-SEALED], is before the Court. The matter has been briefed, [Dkt. 28, 32], and is ripe for decision.

### Background[1]

Following an encounter with a Park Ranger and the Claimant, Derek Braswell,[2] had a mental evaluation at Wagoner Community Hospital and was recommended for in-patient hospitalization for stabilization. The evaluating doctor also signed a Petition for Involuntary Commitment, reciting that Mr. Braswell has a mental illness requiring treatment, that he presented a risk of harm to self or others based on suicidal ideations and having a loaded firearm in his position. [Dkt. 28-4]. The doctor recommended that the court order Mr. Braswell to be involuntarily committed to hospitalization of the least restrictive treatment necessary. *Id*. In addition, a clinical interview was conducted and two licensed mental health professionals at the hospital signed a Report of Evaluation which recited their opinions that Mr. Braswell was a risk of harm to self and others and further that hospitalization for treatment as an inpatient was required. *Id.* at pp. 3-4. The

---

[1] The background is abbreviated because the operative facts are not in dispute.
[2] Claimant and Mr. Braswell are used interchangeably throughout this Order.

Report of Evaluation was appended to the Petition for Involuntary Commitment filed on May 15, 2009.

On May 15, 2009, the District Court in and for Cherokee County set a hearing for May 15, 2009, on the Petition for Involuntary Commitment. After hearing, the Court entered an Order of Admission to Medical Facility. [Dkt. 28-6]. The Order recited that the hearing was held, that Claimant appeared in person and by counsel, and that the Court examined the staff report and heard evidence and:

> finds that the evidence is clear and convincing that said DERRICK BRASWELL, is a person requiring treatment/medication and who should be admitted to a medical facility as a patient; and, that said person is incompetent to consent or refuse treatment that be ordered.

[Dkt. 28-6]. The Court ordered that Mr. Braswell be committed to the custody of the Department of Mental Health/Tulsa Center for Behavioral Health and ordered treatment as deemed necessary by the attending physician. *Id*. Claimant was discharged from the Tulsa Center for Behavioral Health on May 18, 2009. [Dkt. 28-11]. The discharge summary relates that Mr. Braswell was observed over the weekend to have no difficulties. *Id*.

The Government brought this civil forfeiture action to forfeit four firearms and ammunition under 18 U.S.C. § 924(d)(1) which provides in relevant part: "Any firearm or ammunition involved in or used in any knowing violation of [18 U.S.C. § 922(g)(4)] . . . shall be subject to seizure and forfeiture . . . ." 18 U.S.C. § 922(g)(4) provides: "It shall be unlawful for any person who has been adjudicated as a mental defective or who has been committed to a mental institution . . . to possess in or affecting commerce, any firearm or ammunition." Mr. Braswell filed a timely claim to the firearms.

## Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if the pleadings, affidavits and exhibits show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). To survive a motion for summary judgment, the nonmoving party "must establish that there is a genuine issue of material fact" and "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1455-56, 89 L.Ed.2d 538 (1986). However, the factual record and reasonable inferences to be drawn therefrom must be construed in the light most favorable to the non-movant. Gullickson v. Southwest Airlines Pilots' Ass'n., 87 F.3d 1176, 1183 (10th Cir. 1996).

## Analysis

The Government seeks summary judgment on the basis that the undisputed facts demonstrate that the elements of §922(g)(4) are satisfied, arguing that Claimant has been adjudicated as a "mental defective" as that term is defined in the relevant regulations. 27 C.F.R. § 478.11(a). The Government further argues that Mr. Braswell has been committed to a mental institution.

Claimant states that many of the facts are not in dispute. However, according to Claimant there are disputed facts about what happened after he was evaluated at Wagoner Community Hospital and whether he was, in fact, committed to a mental health

3

facility. Although Claimant asserts that there are disputed facts, he has not identified any. The Court finds that Claimant has not demonstrated the existence of a genuine dispute as to any material fact. Therefore, summary judgment is appropriate if the Government is entitled to judgment as a matter of law.

Claimant asserts that the central issue is whether he was in fact committed to a mental institution. Claimant argues that the statutory procedures were not followed and concludes that the subject Order was not valid and should not be accepted as conclusive evidence that Claimant was committed as that term is used in 18 U.S.C. § 922(g)(4). The question of whether Claimant has been adjudicated a mental defective or has been committed to a mental institution for purposes of 18 U.S.C. § 922(g)(4) is not a question of fact. These are questions of law to be determined by the Court. *United States v. McLinn*, 896 F3d 1152, 1156 (10th Cir. 2018).

Claimant argues that, rather than being "committed to a mental institution," he was in the "mental institution for observation." The terms used in §922(g)(4), including "committed to a mental institution" are defined in 27 C.F.R. § 478.11 which states: "The term does not include a person in a mental institution for observation or a voluntary admission to a mental institution." According to this language, if Claimant was ordered to the mental institution for observation, no violation of §922(g)(4) occurred and the conditions for a forfeiture under 18 U.S.C. § 924(d)(1) are not met.

Claimant's argument that he was placed in the mental institution for observation is not supported by the subject Order. The Order of Admission to Medical Facility recites that the Court examined the staff report from Wagoner Community Hospital and heard evidence and found that the evidence was clear and convincing that Claimant was a

person requiring treatment/medication[3] and should be admitted to a medical facility as a patent. The Order further recites the finding that Claimant was incompetent to consent to or refuse treatment. [Dkt. 28-6]. The Court ordered that Claimant be committed to the custody of the Department of Mental Health/Tulsa Center for Behavioral Health and further ordered treatment as deemed necessary by the attending physician. *Id*. This Court finds that the subject Order involuntarily committed Claimant to a mental institution for treatment.

Claimant contends that the subject Order is not a valid order. He asserts that there were irregularities in the procedure for obtaining the Order which prevent this Court from relying on it. Claimant asserts he was not given the statutory one-day notice of the hearing and that the incident which lead to his hospitalization "did not rise to the level of him requiring treatment for a mental illness." [Dkt. 32, p. 4]. In his brief, Claimant refers to an 11th Circuit case cited by the Government, *U.S. v. McIlwain*, 778 F.3d 688 (11th Cir. 2014). Claimant notes that the *McIlwain* Court held that the defendant could not collaterally attack the underlying state court commitment order to challenge his indictment under 18 U.S.C. § 922(g)(4). *Id*. at 697-698. However, Claimant clearly states he "urges this Court to do just that." [Dkt. 32, pp. 5-6]. Claimant asks this Court to rule that the

---

[3] The term "person requiring treatment" is a term of art in the Oklahoma Mental Health Law and is defined by 43A Okla. Stat. § 1-103 (13) as follows:
    a. "Person requiring treatment: means a person who because of his or her mental illness or drug or alcohol dependency:
        (1) poses a substantial risk of immediate physical harm to self as manifested by evidence or serious threats of or attempts at suicide or other significant self-inflicted bodily harm,
        (2) poses a substantial risk of immediate physical harm to another person or persons as manifested by evidence of violent behavior directed toward another person or persons, . . .

failure of the state court to give him the statutory notice invalidates the facially valid state court Order and precludes summary judgment.

Claimant has not provided pertinent authority for this Court to delve behind the facially valid state court Order.[4] Without providing any discussion, or even a citation to those cases, Claimant argues that some of the cases cited by the Court in *U.S. v. McIlwain*, 772 F.3d 688, 698-95 (11th Cir. 2014) provide authority for examining the basis of the subject Order. Claimant refers to cases from the Fifth, Eighth, and First Circuits cited by *McIlwain*. Those cases are inapposite. The appellate courts in those cases determined that the circumstances of the hospital admissions did not constitute commitments under the applicable state laws. *See U.S. v. Rehlander*, 666 F.3d 45, 50 (1st Cir. 2012)(involuntary admission to psychiatric hospital under Maine's ex parte emergency procedure does not qualify as a judicial commitment under Maine's laws); *U.S. v. Giardina*, 861 F.2d 1334, 1336-37 (5th Cir. 1988)(admission by emergency certificate did not constitute a judicial commitment under Louisiana law and therefore could not form the basis of a violation of 18 U.S.C. § 922); *U.S. v. Hansel*, 474 F.2d 1120, 1122 (8th Cir. 1973)(the hospitalization of the defendant was not a commitment under Nebraska law, a point conceded by the government). Based on the findings contained in the subject Order the Court finds that Claimant was involuntarily committed to a mental institution under Oklahoma law.[5] The Court further finds that the Order of Admission to

---

[4] Oklahoma Mental Health Law provides that the rules of civil procedure apply to all judicial proceedings provided for in the title on mental health, including the rules on vacation of orders and appellate review. 43A Okla. Stat. §1-107(F). A mechanism thus existed for Claimant to raise the irregularities he now presents to this Court as a basis for the invalidity of the subject Order. Claimant has not informed the Court that he availed himself of any state court procedure to invalidate the order.

[5] The Court notes that the subject Order was recognized as an involuntary commitment by a Hearing Officer for the Oklahoma State Bureau of Investigation and the Order was the basis for the revocation of a license issued to Claimant under the provisions of the Oklahoma Self-Defense Act. [Dkt. 28-16],

Medical Facility constitutes a judicial involuntary commitment under 18 U.S.C. § 922(g)(4).

Claimant presented no argument in opposition to the Government's contention that the was adjudged "a mental defective" under 18 U.S.C. § 922(g)(2). The Court finds that the finding in the subject Order that Claimant was a "person requiring treatment" is an adjudication that Claimant is a mental defective under 18 U.S.C. § 922(g)(4). This finding also supports summary judgment for the Government.

Claimant has made no argument in opposition to summary judgment as to any other aspect of the Government's motion for summary judgment. The Court finds therefore that, based on the foregoing analysis, summary judgment should be granted to the Government.

## Conclusion

The Government's Motion for Summary Judgment, [Dkt. 28-SEALED], is GRANTED.

SO ORDERED this 18th day of December, 2019.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE